**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3136
_____

FRANC CUTAJ,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                             Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-825-606)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2012

Before: AMBRO, ALDISERT and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 12, 2012)
_____

OPINION
_____

PER CURIAM

        Franc Cutaj petitions for review of the order of the Board of Immigration Appeals

("BIA") denying his motion to reopen.  We will deny the petition.

Cutaj is a citizen of Albania who attempted to enter the United States without valid documents in 2001 and who concedes that he is removable on that basis. See 8 U.S.C. § 1182(a)(7)(A)(i)(I). He applied for asylum and other relief on the ground that he fears persecution on account of his and his father's membership in Albania's Democratic Party. He also claimed to have been targeted because political opponents blamed his father for someone's death in an automobile accident in 1999. The Immigration Judge denied his application and ordered his removal to Albania, and the BIA dismissed his appeal on October 7, 2002. Cutaj later filed a motion to reopen on the ground that family members of the man killed in the automobile accident had declared a "blood feud" and were seeking revenge against his family. The BIA denied that motion on February 14, 2003. Cutaj did not petition for review of either of the BIA's decisions.

Cutaj later filed another motion to reopen in 2011, which is the motion at issue here. He claims both that the political situation in Albania has deteriorated since his last hearing and that incidents of blood-feud killings are on the rise. He supported each claim with a separate expert report and with various news articles. The BIA denied the motion on July 13, 2011, as both untimely and number-barred and not within the exception for claims based on materially changed country conditions. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA concluded that neither the political situation nor blood-feud violence had changed in a material way. The BIA also concluded that Cutaj's blood-feud claim was not based on a statutorily protected ground

and was undercut by the lack of evidence that any of his family members have been harmed in Albania.  Cutaj petitions for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the denial of reopening for abuse of discretion.  See Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009).  We will not disturb the BIA's ruling unless it is "'arbitrary, irrational, or contrary to law.'"  Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008) (citation omitted).  We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'"  Liu, 555 F.3d at 148 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Cutaj challenges the BIA's ruling on two principal grounds, but each lacks merit. First, Cutaj argues that the record does not support the BIA's conclusion that conditions in Albania have not materially changed.  With regard to the political situation in Albania, Cutaj relies primarily on evidence of social unrest and violence following elections in 2009, in which the Democratic Party retained the control it had gained in 2005.  (A.R. 39-66, 75-89.)  The BIA acknowledged that Cutaj's evidence shows certain changes since his hearing in 2001, but it concluded that they are not material to his claim.  The evidence does not compel a contrary conclusion.  Cutaj claims to fear persecution as a member of the Democratic Party.  What his evidence shows, however, is that the Democratic Party came to power in 2005 and remains in power today.  The recent civil unrest described in Cutaj's evidence does not compel the conclusion that the political situation is materially

3

worse for him now than at the time of his hearing in 2001, before his party came to

power. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 n.3, 161 & n.10 (3d Cir. 2011)

(holding that BIA did not abuse its discretion in rejecting claim of changed country

conditions by Albanian Democratic Party member on the basis of similar evidence).

Cutaj also argues that his evidence shows a recent increase in killings attributable

to blood feuds in general. The BIA concluded instead that the evidence shows merely the

persistence of blood feuds in Albania, which have occurred for centuries and which

resurfaced after the fall of Albania's Communist dictatorship in the 1980s. (BIA Dec. at

1) (citing A.R. 94-95). The persistence of such conditions is an adequate basis to deny a

motion to reopen, see Pllumi, 642 F.3d at 161, and our own review of the evidence

satisfies us that the BIA's conclusion is neither arbitrary nor irrational. To the contrary,

the BIA's conclusion has ample support in the record, which does not compel the

conclusion that Cutaj faces a materially greater risk of blood-feud violence now than he

did in 2001. (A.R. 91-104, 114-57.)[1]

Cutaj's second general argument is that the BIA inadequately addressed his

evidence and denied him due process by failing to give it proper consideration. We

---

[1] In addition to concluding that Cutaj failed to show materially changed country conditions, the BIA rejected his reliance on the blood feud because it does not relate to a statutorily protected ground and because he had not shown that any of his family members have been harmed since the feud began in 1999. We need not address these conclusions because the BIA's assessment of country conditions is dispositive. We note, however, that Cutaj has challenged the first conclusion by invoking a "particular social group" for the first time on review and has not challenged the second conclusion at all.

4

disagree.  The BIA identified his evidence, fairly summarized its contents, and explained

why it does not show that country conditions have changed in a material way.  The BIA

thus both "'demonstrate[d] that it has considered [Cutaj's] evidence" and "'provide[d] us

with more than cursory, summary or conclusory statements, so that we are able to discern

its reasons for declining to afford relief[.]'"  Zheng, 549 F.3d at 268 (quoting Wang v.

BIA, 437 F.3d 270, 275 (2d Cir. 2006)).  Those reasons are adequately supported by the

record, and the BIA was not required to address the record in this case in any more detail

than it did.[2]

    For these reasons, we will deny the petition for review.

---

[2] Cutaj relies in his reply brief on our recent decision in Abulashvili v. Attorney General, 663 F.3d 197 (3d Cir. 2011), but that case is inapposite.  In that case, we held that the BIA abused its discretion in denying a motion to reopen when it relied on an inadequately supported adverse credibility determination.  See id. at 202-07.  We also noted that the BIA had not specifically addressed the petitioner's claim under the Convention Against Torture and noted that it should consider his expert report on remand.  See id. at 209 n.12.  In this case, the BIA mentioned both of Cutaj's expert reports, specifically cited one of them, and fairly summarized their contents.